IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CENTRAL PACIFIC BANK | CIVIL NO. 12-00399 DKW/KSC |
| Petitioner, | **ORDER GRANTING** |
| | **DEFENDANT'S MOTION TO** |
| vs. | **CONFIRM ARBITRATION** |
| | **AWARD AND DENYING** |
| | **PLAINTIFF'S** |
| DAVID M. KIRKEBY, | **MOTION TO VACATE** |
| | **ARBITRATION AWARD** |
| Respondent. | |

**ORDER GRANTING DEFENDANT'S MOTION TO CONFIRM
ARBITRATION AWARD AND DENYING PLAINTIFF'S
<u>MOTION TO VACATE ARBITRATION AWARD</u>**

**<u>INTRODUCTION</u>**

Before the Court are the following motions: (1) Plaintiff Central Pacific

Bank's ("CPB") Motion to Vacate Arbitration Award ("Motion to Vacate"); and (2)

Defendant David M. Kirkeby's Motion to Confirm Arbitration Award     ("Motion

to Confirm").   The motions address an April 24, 2012 Partial Final Award of

Arbitrator ("Partial Final Award") and a June 4, 2012 Final Arbitration Award

("Final Award").[1]   The Court held a hearing on the motions on September 10, 2013. After careful consideration of the supporting and opposing memoranda, the arguments of counsel, and the relevant legal authority, the Court GRANTS the Motion to Confirm and DENIES the Motion to Vacate.

## BACKGROUND

### I.   Kirkeby's Employment with CPB

Kirkeby and Everett S. McDaniel, Jr. were principals at Pacific Islands Financial Management, LLC ("PIFM").   Under a June 6, 2008 Asset Purchase Agreement ("APA") between CPB and PIFM, CPB agreed to buy PIFM's book of business in exchange for two scheduled payments.   The APA provided that Kirkeby and McDaniel would continue to manage that book of business under employment agreements with CPB.   Pl.'s Mot. to Vacate, Ex. 4 (Asset Purchase Agreement). Under the APA, the second payment, called the "Deferred Payment," was due five years after the asset purchase closed and was subject to adjustment based on revenues generated by PIFM's book of business.   *Id.* at 11-12.   According to Kirkeby, the premise underlying the Deferred Payment look-back period was that CPB would actively support the investment operations, and Kirkeby and McDaniel

---

[1] The Partial Final Award is attached as Exhibit 2 to the Motion to Vacate.   The Final Award is attached as Exhibit 1 to the Motion to Vacate and as Exhibit 2 to the Motion to Confirm.

would be employed by the bank to oversee those operations through the five-year

look-back period.   *See* Def.'s Mem. in Opp'n to Mot. to Vacate at 2-3.   The APA

provides in part:

> Dispute Resolution - If there is any Dispute asserted by either
> party, then, to the extent permitted by law, the parties agree that
> all actions or proceedings arising in connection with that Dispute
> must be tried and litigated only in the state and federal courts
> located in the State of Hawaii.   That choice of venue is
> mandatory and not permissive in nature, thereby precluding the
> possibility of jurisdiction or venue other than specified in this
> Section[.]

Pl.'s Mot. to Vacate, Ex. 4 at 40.

Kirkeby was employed by CPB as Senior Vice President and Chief

Investment Officer, pursuant to a five-year Employment Agreement, effective from

July 1, 2008.   Def.'s Mot. to Confirm, Ex. 1 (Employment Agreement).   The

Employment Agreement provided that any dispute was subject to mandatory

arbitration:

> (a) Employment-Related Claims. This Section 15 applies to any
> claim between you and the Company arising out of or relating to
> or concerning any aspect of this Agreement, your employment
> with the Company, the termination of that employment, or your
> compensation or benefits from the Company.
>
> (b) Mandatory Arbitration. You and the Company agree that any
> claim or dispute that you or the Company may have in
> connection with this Agreement or your employment shall be
> resolved by binding arbitration in Honolulu, Hawaii.

*Id.* at 11.

CPB gave Kirkeby notice of termination of his employment on December 27, 2010, approximately half-way through the term of the Employment Agreement. Under the Employment Agreement, Kirkeby was entitled to the following severance payment in the event he was terminated "without cause":

> In the event that there is a Termination without Cause or Resignation for Good Reason, you will be entitled to a lump sum payment that is the equivalent of 12 months (or months remaining on this contract, whichever is less) of salary and guaranteed incentive compensation ($200,000).   Said severance payment will be subject to applicable taxes.   In addition, the "Deferred Payment" identified in section 2.4 of the Asset Purchase Agreement, plus all accrued interest, shall immediately become due.

Def.'s Mot. to Confirm, Ex. 1 at 7.   Kirkeby filed a demand for arbitration on February 4, 2011, stating that he had been terminated without cause and was therefore entitled to enforcement of all provisions of the Employment Agreement that are applicable to terminations without cause.   Pl.'s Mot. to Vacate, Ex. 5 (Arbitration Demand).

From 2008 through April 2011, CPB was designated as a "troubled financial institution" by the Federal Deposit Insurance Corporation ("FDIC").   Pl.'s Mot. to Vacate at 7.   According to CPB, under 12 U.S.C. §1828(k) and 12 C.F.R. Part 359 *et seq.*, it is prohibited from making a "golden parachute" severance

4

payment to an employee whose employment was terminated when the bank was in "troubled" condition, absent FDIC approval.   Pl.'s Mot. to Vacate at 1-2.

## II.    Arbitration of Employment Dispute

An arbitration hearing was held from February 12 through 16, 2012. The Arbitrator issued the Partial Final Award on April 24, 2012, finding that CPB had terminated Kirkeby without cause.   Partial Final Award at 6.   The Partial Award provides the following discussion of damages to Kirkeby:

> Kirkeby's Employment Agreement is plain and unambiguous regarding the consequences of a termination without cause.   It provides that, in addition to a severance payment of $200,000, "the 'Deferred Payment' identified in section 2.4 of the Asset Purchase Agreement, plus all accrued interest shall become due."   The deferred payment is $2,087,500 plus interest at the rate of 4.3%.   While the deferred payment is subject to a performance adjustment following the fifth anniversary of the APA, the Arbitrator must agree with CPB's general counsel that the provision for a deferred payment adjustment or look back is inapplicable where as here there is an earlier termination without cause.   In so ruling, the Arbitrator is mindful that his jurisdiction is limited to enforcement of the Employment Agreement.   That cannot be accomplished, however, unless the Employment Agreement's express incorporation by reference of Section 2.4 of the APA is given effect.   **Accordingly, Kirkeby is entitled to severance pay of $200,000 plus the deferred payment of $2,087,500 plus interest at the rate of 4.3% from July 1, 2008 until paid**.

Partial Final Award at 7-8 (emphasis added).   The Arbitrator also ruled in favor of CPB on its counterclaim against Kirkeby for soliciting CPB's clients following his

5

termination, and ordered that Kirkeby's damages be offset by $1,200,000.   *Id.* at

9-10.   The Partial Final Award set forth the following:

> (a)      Award is entered in favor of Claimant David M. Kirkeby
> and against Central Pacific Bank in the amount of $1,244,918 as
> of April 1, 2012 with interest of 4.3% thereafter.   The Award
> reflects a reduction of the amount awarded CPB on the
> counterclaim.
> (b)      The Arbitrator reserves jurisdiction for the purpose of
> awarding attorneys' fees and costs, if any, to David M. Kirkeby
> who is determined to be the prevailing party.   Within 10 days
> following service of this Partial Final Award, counsel for
> Kirkeby may submit an affidavit in support of attorneys' fees
> and costs.   Within 10 days thereafter counsel for Central Pacific
> Bank may submit a response.   A final Award will then be issued
> within 10 days.

*Id.* at 10.

On May 11, 2012, CPB filed a Motion Pursuant to HRS § 658A-20 for

Judicial Notice and to Change Award to Comport with the Governing Law.   CPB

filed a Supplemental Memorandum in Support of that motion on May 29, 2012.

Pl.'s Mot. to Vacate, Ex. 7 (Supplemental Mem. in Supp.).   CPB requested that the

Arbitrator amend the award to state that it is not enforceable without FDIC approval.

In the Final Award, the Arbitrator rejected CPB's request:

> Respondent's Motion requests that the Partial Final Award be
> amended to expressly state that it is not enforceable unless
> payment is expressly permitted by the Federal Deposit Insurance
> Corporation.   This issue was never raised nor mentioned in the
> arbitration.   It appears to be an effort by CPB to at least

6

> potentially avoid liability on the principal claim that may be
> unrelated to this dispute and over which this Arbitrator lacks
> jurisdiction.

Final Award at 2-3.

CPB contacted the FDIC regarding the golden parachute restrictions of Part 359 of the FDIC Rules and Regulations, 12 C.F.R. § 359 ("Part 359"), and the FDIC responded in a June 22, 2012 letter that CPB remained subject to those restrictions.   Pl.'s Mem. in Opp'n, Ex. 4 (6/22/12 FDIC Letter[2]).   According to CPB, Part 359 allows Kirkeby to submit an application to the FDIC for approval of payment of the arbitration award, but because Kirkeby refused to do so, CPB submitted the application instead.   *See* Pl.'s Mot. to Vacate at 11-12.   When CPB applied for approval to pay the arbitration award pursuant to Part 359,[3] its application was denied by the FDIC.   In a January 17, 2013 letter to CPB, the FDIC stated that CPB may not pay the arbitration award to Kirkeby.   Pl.'s Mem. in Opp'n, Ex. 3 (1/17/13 FDIC Letter[4]).

---

[2] The 6/22/12 FDIC Letter is subject to a 3/11/13 Stipulation and Protective Order.   *See* Pl.'s Mem. in Opp'n, Ex. 2 (3/11/13 Protective Order).

[3] CPB apparently declined to provide Plaintiff with a copy of its approval application to the FDIC, and the record before the Court is likewise void of a copy.

[4] The 1/17/13 FDIC Letter is subject to the same 3/11/13 Stipulation and Protective Order.   *See* Pl.'s Mem. in Opp'n, Ex. 2 (3/11/13 Protective Order).

CPB and Kirkeby now move respectively to vacate and confirm the Arbitrator's awards pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-10.   According to CPB, confirmation of the award would place it in the difficult position of violating an order of this Court or violating a directive of the FDIC.[5]

## STANDARD OF REVIEW

The Court's review of the Arbitrator's award is limited.   "Plenary review of the merits of an arbitration award would undermine the federal policy of settling labor disputes by arbitration."   *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 733 (9th Cir. 1982) (citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)).   Nevertheless, a court may determine whether the parties "'agree(d) to give the arbitrator the power to make the award he made,' and whether the award drew its essence from the agreement submitted for arbitration."   *Id.* (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) (alteration in original)).   *See also Collins v. D.R. Horton, Inc.*, 505 F.3d 874,

---

[5] Kirkeby, McDaniel, and PIFM subsequently filed a complaint for declaratory relief against CPB and the FDIC in this Court, Civ. No. 13-404 DKW-BMK.   That action seeks to allow the parties to settle all claims between all parties, including what the FDIC has purportedly thus far prohibited as a golden parachute payment.   *See* Def.'s Mem. in Opp'n to Mot. to Vacate at 6-7.

8

879 (9th Cir. 2007) ("Our review, however, is necessarily limited: 'Broad judicial review of arbitration decisions could well jeopardize the very benefits of arbitration, [i.e., speed and informality,] rendering informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.'" (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc)); *Northwest Direct Teleservs, Inc. v. Zweizig*, 2011 WL 7331297, *7-*8 (D. Or. Nov. 18, 2011) ("Contracts of employment are within the purview of the Federal Arbitration Act. . . . The scope of a district court's review of an arbitral decision is extremely limited under the FAA.") (citations omitted).

> Under the FAA, the Court may vacate an arbitration award:
>
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).   In order to vacate an award on the basis that the arbitrator

exceeded his powers, the moving party "must clear a high hurdle."   *Stolt–Nielsen*

*S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

> "It is not enough for petitioners to show that the [arbitrator]
> committed an error—or even a serious error."   *Id.*   "[A]s long
> as the arbitrator is even arguably construing or applying the
> contract and acting within the scope of his authority, that a court
> is convinced he committed serious error does not suffice to
> overturn his decision."   *United Paperworkers Int'l Union,
> AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98
> L.Ed.2d 286 (1987).   A court "may ask only whether the
> arbitrator's solution can be rationally derived from some
> plausible theory of the general framework or intent of the
> agreement."   *Tristar Pictures, Inc. v. Dir.'s Guild of Am., Inc.*,
> 160 F.3d 537, 540 (9th Cir. 1998) (internal quotation marks
> omitted).   "Fail[ing] to arbitrate the dispute according to the
> terms of the arbitration agreement," however, can exceed an
> arbitrator's powers.   *W. Emp'rs Ins. Co. v. Jefferies & Co.*, 958
> F.2d 258, 262 (9th Cir. 1992).

*Metzler Contracting Co. LLC v. Stephens*, 774 F. Supp. 2d 1073, 1079 (D. Haw.

2011) (alterations in original).

## **DISCUSSION**

CPB raises three grounds for vacating the Final Award: (1) the

Arbitrator disregarded federal law, 12 U.S.C. § 1828(k) and 12 C.F.R. Part 359,

when he did not condition payment of the award upon approval by the FDIC; (2) the

Arbitrator exceeded his powers by interpreting provisions of the Asset Purchase

Agreement; and (3) the Arbitrator engaged in procedural misconduct when he allowed a document into evidence following the close of the arbitration hearing. The Court addresses each of these grounds in turn.

## I.      Manifest Disregard of Federal Law

CPB first argues that the Final Award should be vacated because the Arbitrator acted in manifest disregard of federal law.   It argues that 12 U.S.C. § 1828(k) and 12 C.F.R. Part 359 prohibit a federally insured financial institution such as CPB from making a golden parachute payment to an employee whose employment was terminated when the bank was in "troubled" condition.   Because CPB was designated "troubled" at the time Kirkeby's employment was terminated, CPB argues that federal law prohibits payment of the award without FDIC approval to the extent that the FDIC determines that the award represents a golden parachute. In this case, following the issuance of the Final Award, the FDIC informed CPB that the award to Kirkeby would be considered a golden parachute, and denied its application to pay the Arbitrator's Final Award.   CPB argues that it would be a clear violation of federal law for CPB to pay any portion of the award that the FDIC determines is a prohibited golden parachute without the express written approval of the FDIC, and therefore, the Arbitrator's failure to acknowledge the requirements of federal law requires vacating, or at least modifying, the award.

According to the Ninth Circuit, manifest disregard of the law constitutes more than "an error in the law" or "a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010). Instead, the record must indicate that the arbitrator "recognized the applicable law and then ignored it." *Id.* The law must be "well defined, explicit, and clearly applicable." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879-80 (9th Cir. 2007). An arbitrator's error in the law or failure to understand and apply the law does not constitute manifest disregard. *Id.*; *see also Carter v. Health Net of California, Inc.*, 374 F.3d 830, 838 (9th Cir. 2004) ("[J]udicial inquiry under the 'manifest disregard' standard is . . . extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable.") (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir. 1986)).

The record must indicate that the arbitrator (1) was "aware of the law," and (2) "intentionally disregarded it." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009). CPB has not met that burden here. *See U.S. Life Ins. v. Super Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) ("The party seeking to vacate an award bears the burden of establishing grounds to vacate.").

12

As to this first requirement, the record indicates that the Arbitrator was not fully apprised of the relevant federal laws at the time he made the award.  "In order to intentionally disregard the law, the arbitrator must have known of its existence, and its applicability to the problem before him.  In determining an arbitrator's awareness of the law, we impute only knowledge of governing law identified by the parties to the arbitration."  *Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 390 (2d Cir. 2003) (citations omitted).  CPB first informed the Arbitrator of the FDIC's regulatory oversight over golden parachute payments *after* the Arbitrator issued the Partial Final Award.  CPB filed a Motion Pursuant to HRS § 658A-20 for Judicial Notice and to Change Award to Comport with the Governing Law on May 11, 2012 ("Motion to Change Award").  In that filing, CPB requested for the first time that the Arbitrator amend the award to state that it is not enforceable without FDIC approval.  In pleadings related to the Motion to Change Award, CPB did not clearly establish whether the mandated payment was subject to Part 359 or explain, as it has attempted to do here, why this particular award would constitute a golden parachute.  To the contrary, on May 29, 2012, CPB submitted a Supplementary Memorandum in Support of its Motion to Change Award which states only:

> At the present time, the FDIC has told CPB that before any payment is made, a request pursuant to 12 CFR 359.6 for Permission to Make the Payments Reflected in the Arbitrator's Award must be filed with, and decided by, the FDIC.   The arbitration award needs to note that it is subject to the FDIC's regulatory authority.

Pl.'s Mot. to Vacate, Ex. 7 at 3 (Suppl. Mem. in Supp. of Mot. to Change Award).

> In the Final Award, the Arbitrator rejected CPB's request as follows:

> Respondent's Motion requests that the Partial Final Award be amended to expressly state that it is not enforceable unless payment is expressly permitted by the Federal Deposit Insurance Corporation.   **This issue was never raised nor mentioned in the arbitration**.   It appears to be an effort by CPB to at least potentially avoid liability on the principal claim that may be unrelated to this dispute and over which this Arbitrator lacks jurisdiction.

Final Award at 2-3 (emphasis added).   CPB's citation to Part 359 alone is insufficient to put the specific issue of FDIC approval of golden parachute payments, and whether the award represented such a golden parachute, before the Arbitrator.   In an arbitration such as this, the parties are responsible for ensuring that the relevant law is discussed in the record.   *ESCO Corp. v. Bradken Resources Pty Ltd.*, 2011 WL 1625815, at *14 (D. Or. Jan. 31, 2011).   Here, even CPB's post-award pleadings do not sufficiently provide the Arbitrator with the required notice of the "well-defined, explicit, and clearly applicable" law, such that the Arbitrator's failure to apply it amounts to an intentional disregard thereof.   As

Kirkeby notes, even "CPB conceded to the arbitrator that some aspects of the arbitrator's award might not be golden parachutes" and therefore not subject to the FDIC's approval, and "claimed that Kirkeby would be free to argue these grounds to the FDIC." Def.'s Mem. in Opp'n to Mot. to Vacate at 15.

The Court concludes that CPB has not met its burden of establishing that it presented the Arbitrator with the well-defined, explicit, and clearly applicable law, that the Arbitrator recognized that law, or that the Arbitrator then intentionally disregarded or ignored that law. Accordingly, CPB has failed to establish its claim of "manifest disregard," and the Court DENIES the Motion to Vacate on this basis.

## II.      Whether the Arbitrator Exceeded His Powers

The Court next turns to CPB's second ground–that the Arbitrator exceeded his authority when he decided issues that were not covered by the Employment Agreement, but were covered by the Asset Purchase Agreement. CPB agrees that the Arbitrator had the authority to resolve the issue of whether Kirkeby was entitled to severance benefits under the Employment Agreement. But CPB states that the Asset Purchase Agreement was subject to the exclusive

jurisdiction of Hawaii courts[6] and yet the Arbitrator included in his award the

Deferred Payment provided for in Section 2.4 of the Asset Purchase Agreement.

CPB has not demonstrated that the Arbitrator exceeded his powers

here.   The Ninth Circuit has interpreted Section (4) of the FAA, when an arbitrator

exceeds his powers, to encompass situations where an arbitrator's decision is

"completely irrational" or exhibits a "manifest disregard of law."   *Kyocera Corp. v.

Prudential-Bache Trade Servs.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc)

(citations omitted).   The Arbitrator's decision to award Kirkeby amounts under the

Employment Agreement, which explicitly references the Asset Purchase

Agreement, is neither completely irrational nor does it exhibit manifest disregard of

the law.

> The "completely irrational" standard generally applies in the
> context of an arbitrator's contract interpretation.   A decision is
> "completely irrational" only when it is not derived from, or
> determined in light of, the language and context of the agreement

---

[6] Under the Asset Purchase Agreement, any disputes are to be decided by Hawaii courts, as follows:

> Dispute Resolution - If there is any Dispute asserted by either party, then, to the
> extent permitted by law, the parties agree that all actions or proceedings arising in
> connection with that Dispute must be tried and litigated only in the state and federal
> courts located in the State of Hawaii.   That choice of venue is mandatory and not
> permissive in nature, thereby precluding the possibility of jurisdiction or venue
> other than specified in this Section[.]

Def.'s Mem. in Opp'n to Mot. to Vacate at 2-3.

> between the parties and the parties' intentions.   So long as the arbitration decision draws its essence from the parties' agreement, a court does not review whether an arbitrators' contract interpretation was correct.   *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009).   Inaccuracies or internal inconsistencies in the arbitrator's findings of fact do not provide a ground for vacatur.   *Id.* . . .   So long as the arbitrator's interpretation of the contract is plausible, the award cannot be vacated.

*Donnelly v. Jewel of Kahana, LLC*, 2013 WL 1337134, at *12 (D. Haw. Mar. 28, 2013) (some citations omitted).   The Arbitrator plausibly interpreted the Employment Agreement and acted within his powers by determining the issue of Deferred Payment.   The Employment Agreement identified the specific provision within the Asset Purchase Agreement regarding acceleration of Deferred Payment as an element of damages payable in the event of termination without cause.   Under the Employment Agreement, Kirkeby was entitled to the following severance payment:

> In the event that there is a Termination without Cause or Resignation for Good Reason, you will be entitled to a lump sum payment that is the equivalent of 12 months (or months remaining on this contract, whichever is less) of salary and guaranteed incentive compensation ($200,000).   Said severance payment will be subject to applicable taxes.   **In addition, the "Deferred Payment" identified in section 2.4 of the Asset Purchase Agreement, plus all accrued interest, shall immediately become due.**

Def.'s Mot. to Confirm, Ex. 1 at 7 (emphasis added).   There is no question that the

Employment Agreement authorized the Arbitrator to include the Deferred Payment

in calculating the severance payment and, indeed, there is no way the Arbitrator

could have carried out his responsibility without reference to the Asset Purchase

Agreement.   In fact, the Partial Final Award provides the following discussion of

the express incorporation of the Deferred Payment section of the Asset Purchase

Agreement in the Employment Agreement:

> Kirkeby's Employment Agreement is plain and unambiguous
> regarding the consequences of a termination without cause.   It
> provides that, in addition to a severance payment of $200,000,
> "the 'Deferred Payment' identified in section 2.4 of the Asset
> Purchase Agreement, plus all accrued interest shall become
> due."   The deferred payment is $2,087,500 plus interest at the
> rate of 4.3%.   While the deferred payment is subject to a
> performance adjustment following the fifth anniversary of the
> APA, the Arbitrator must agree with CPB's general counsel that
> the provision for a deferred payment adjustment or look back is
> inapplicable where as here there is an earlier termination without
> cause.   **In so ruling, the Arbitrator is mindful that his**
> **jurisdiction is limited to enforcement of the Employment**
> **Agreement.   That cannot be accomplished, however, unless**
> **the Employment Agreement's express incorporation by**
> **reference of Section 2.4 of the APA is given effect.**
> Accordingly, Kirkeby is entitled to severance pay of $200,000
> plus the deferred payment of $2,087,500 plus interest at the rate
> of 4.3% from July 1, 2008 until paid.

Partial Final Award at 7-8 (emphasis added).   It was far from "completely

irrational" for the Arbitrator to conclude that the Employment Agreement gave him

the authority to make an award that included the Deferred Payment identified in the Asset Purchase Agreement.   CPB has failed to establish its claim that the Arbitrator exceeded his powers, and the Court DENIES the Motion to Vacate on this basis.

## III.   **Procedural Misconduct**

The final ground for vacating the award presented by CPB is that the Arbitrator engaged in "procedural misconduct" when he accepted a document into evidence from Kirkeby that was not presented during the hearing, but was instead attached to his closing arguments.[7]   The document in question purported to assign PIFM's rights under the Asset Purchase Agreement to Kirkeby, although PIFM was not a party to the arbitration.   See Pl.'s Reply, Ex. 8 (Conditional Assignment).

As a preliminary matter, it is not clear from the record when the purported assignment was executed.   CPB argues that the assignment was invalid, and that it had no opportunity to cross-examine or challenge the assignment because it was not in evidence.

Although CPB asserts that the Arbitrator improperly accepted and relied upon the assignment in making the award --

---

[7] The Court notes that CPB itself appears to have submitted post-hearing evidence, including the Declaration of Glenn Ching, which it relied upon to urge the Arbitrator to make the award conditional upon FDIC approval.   *See* Pl.'s Reply, Ex. 1 (Motion to Change Award).

19

> Arbitrations do not require the same procedural protections as judicial proceedings: the arbitrator may rely on evidence inadmissible under the Federal Rules of Civil Procedure and parties do not have an absolute right to cross-examine witnesses. *Sunshine Mining Company v. United Steelworkers of America*, 823 F.2d 1289, 1295 (9th Cir. 1987) (citing *Bell Aerospace Co. Division of Textron, Inc. v. Local 516*, 500 F.2d 921, 923 (2d Cir. 1974) and *Hoteles Condado Beach La Concha & Convention Center v. Union De Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir. 1985)).   However, as the Ninth Circuit recognized in *Sunshine Mining Company*, the arbitrator must grant the parties a "fundamentally fair hearing."   "A hearing is fundamentally fair if it meets 'the minimal requirements of fairness'—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Id.* at 1295 (citing *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 657 (9th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280 (1965)).   The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he or she must give each party an adequate opportunity to present its evidence and arguments.   *Hoteles Condado Beach, La Concha and Convention Center*, 763 F.2d at 39.

*Wailua Associates v. Aetna Cas. and Sur. Co.*, 904 F. Supp. 1142, 1148 (D. Haw. 1995).

Any "procedural misconduct" here does not warrant vacating the award.   The FAA does not provide for vacatur of arbitration awards based on a clear error of law, erroneous legal conclusions, or unsubstantiated factual findings.   *See* 9 U.S.C. § 10; *Bosack*, 586 F.3d at 1102.   Here, the Court finds that CPB was not denied a fundamentally fair hearing.   CPB has not shown that it lacked the opportunity to object to the evidence submitted with Kirkeby's closing arguments.

In fact, CPB *did* object to other aspects of the Partial Final Award, and those objections were considered by the Arbitrator before he entered the Final Award.   As the record shows, CPB filed post-hearing and post-award objections and motions– which did not mention the purportedly improperly considered evidence[8]–and CPB was not deprived of any opportunity to present its case.   *See e.g., Kiewit/Atkinson/Kenny v. Int'l Broth. of Elec. Workers, Local 103, AFL-CIO*, 76 F. Supp. 2d 77, 81 (D. Mass. 1999) ("It is not enough to show that there might have been better rulings made on the admission of evidence.   The arbitration is not conducted in strict compliance with the rules of evidence applicable in formal litigation.   The question rather is whether the arbitrator's evidentiary rulings deprived a party of an opportunity to present its case adequately.").

In addition, the Court is not persuaded that CPB was prejudiced by Kirkeby's submission of the purported assignment.   Indeed, there is no indication in the record whether the Arbitrator considered the evidence submitted with Kirkeby's closing arguments, much less relied upon it in issuing his award.   Neither the Partial Final Award, nor the Final Award, so much as references the purported assignment.

---

[8] Neither the Motion to Change Award, nor the Supplemental Memorandum in Support of the Motion to Change Award raised an evidentiary objection or otherwise mentioned the purported assignment, or any reliance upon it by the Arbitrator.   *See* Pl.'s Reply, Exs. 1 & 2.

Accordingly, the Arbitrator's actions do not constitute misconduct within the scope of 9 U.S.C. § 10(a)(3) and vacatur is not warranted.

In sum, the Court DENIES the Motion to Vacate on each of the three grounds asserted by CPB.

## IV.   <u>Motion to Confirm</u>

An arbitration award must be confirmed if it has not been modified, corrected, or vacated.   *See* 9 U.S.C. § 9.   Accordingly, the Court GRANTS Kirkeby's Motion to Confirm.   The Arbitrator's Final Award, having not been modified, corrected, or vacated, is CONFIRMED.

## <u>CONCLUSION</u>

On the basis of the foregoing, the Court DENIES Plaintiff Central Pacific Bank's Motion to Vacate Arbitration Award, and GRANTS Defendant David M. Kirkeby's Motion to Confirm Arbitration Award.   The Clerk of the Court

//        //

//        //

//        //

22

is directed to enter Final Judgment, incorporating and confirming the Arbitrator's

Final Award, dated June 4, 2012, and to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, December 9, 2013.



_____
Derrick K. Watson
United States District Judge

_____
<u>Central Pacific Bank v. David M. Kirkeby</u>; CV 12-00399 DKW-KSC; ORDER
GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION
AWARD AND DENYING PLAINTIFF'S MOTION TO VACATE
ARBITRATION AWARD